■ ANTHONY MASI, Respondent, v CASSONE TRAILER & CONTAINER CO. et al., Appellants, et al., Defendants. CASSONE LEASING, INC., Third-Party Plaintiff-Appellant-Respondent, v LKQ HUNTS POINT AUTO PARTS, Third-Party Defendant-Respondent-Appellant. SIMONE DEVELOPMENT CORPORATION et al., Second Third-Party Plaintiffs, v LKQ HUNTS POINT AUTO PARTS CORP., Second Third-Party Defendant-Respondent-Appellant. [34 NYS3d 28]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 17, 2014, which, to the extent appealed from, denied the motion by defendant Cassone Leasing Inc., also sued herein as Cassone Trailer & Container Co., for summary

judgment dismissing the complaint as against it, and the motion by third-party defendant/second third-party defendant LKQ Hunts Point Auto Parts Corp. (LKQ) for summary judgment dismissing the complaint and the third-party complaints, unanimously affirmed, without costs.

The settlement agreement signed by plaintiff pursuant to Workers' Compensation Law § 32 settled plaintiff's workers' compensation claims against his employer, LKQ, and LKQ's workers' compensation insurance carrier. It did not settle or release plaintiff's personal injury claims against defendants. The release agreement subsequently entered into between plaintiff and LKQ did not release only plaintiff's employment-based claims, but broadly released "all claims . . . of whatever kind or nature in law, equity or otherwise, whether now known or unknown," including those arising out of "any injuries [plaintiff] sustained." However, it released those claims in favor of LKQ only, not defendants.

Whether the release bars the third-party actions against LKQ was not raised in the motion court and is not before us. Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.